UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| MAURICE SMITH,<br>      Petitioner,<br><br>vs.<br><br>WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br>      Respondent. | Case No. 1:19-cv-298<br><br>McFarland, J.<br>Litkovitz, M.J.<br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner filed his pro se habeas corpus petition in 2019. (Petition, Doc. 1). In 2020, the Court granted Petitioner's request to stay the case while he exhausted state-court remedies. (Motion to Stay, Doc. 25; Report and Recommendation, Doc. 29; Order Administratively Staying Case and Terminating from Active Docket, Doc. 30). The stay has remained in place since October 23, 2020. (Doc. 30-31).

In September 2022, counsel appeared for Petitioner. (Doc. 35). Petitioner then filed two motions to reinstate the case and some additional information concerning his state-court remedies as ordered by the Court. (*See* Doc. 36, 39, 41). Respondent has not filed any responses to these filings. Because it appears that Petitioner's state-court remedies have been exhausted, it is recommended that this matter be allowed to proceed.

As background, Petitioner challenges his 2016 Hamilton County, Ohio, convictions and sentence for burglary, trafficking in cocaine, possession of cocaine, possession of marijuana, and tampering with evidence. (*See* Doc. 1). He raises six grounds for relief:

> **GROUND ONE:** The evidence against the petitioner was insufficient to sustain a finding of guilty by the jury and deprived [petitioner] of his right to due process under Fifth and Fourteenth Amendments to the United States Constitution.
>
> **GROUND TWO:** Petitioner['s] right to the effective assistance of counsel resulting (sic) in a violation of his constitutional rights as guaranteed by the Sixth Amendment to the United States Constitution.

>**GROUND THREE:** The trial court denied the petitioner's due process by denying petitioner's motion to appoint new counsel in violation of petitioner's due process rights as guaranteed by the 4th, 5th and 14th Amendments to the United States Constitution.
>
>**GROUND FOUR:** The trial [court] permitting (sic) the prosecutor to make improper remarks to the jury during opening and closing argument and introduce improper evidence to the jury, violating (sic) petitioner's due process rights to a fair trial.
>
>**GROUND FIVE:** The trial court denied petitioner's motion to suppress as a result denying petitioner's due process rights and petitioner's constitutional right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.
>
>**GROUND SIX:** The trial court violated petitioner's due process rights in sentencing petitioner on allied offenses and consecutive sentencing in violation of petitioner's double jeopardy rights.

(Doc. 1). Petitioner sought a stay in 2020 because he had an appeal pending in Ohio's First District Court of Appeals. (Doc. 25 (citing Appeal No. C 1900473)). This Court recognized that the appeal might affect the resolution of Grounds One and Six of the Petition. (*See* Doc. 29, PageID 1407).

According to Petitioner's 2022 filings, Appeal No. C 1900473 has been denied. (Doc. 41). The Supreme Court of Ohio likewise denied Petitioner's motion for a delayed appeal from the Court of Appeals' decision in Appeal No. C 1900473. (*See* Doc. 41 (citing Appeal No. 2021-0084); *see also* Doc. 32). Petitioner has provided a copy of the Supreme Court of Ohio's March 16, 2021 Entry denying his motion in Appeal No. 2021-0084. (*See* Doc. 41, PageID 1446).

It thus appears from the record that Petitioner has fully exhausted his state-court remedies as directed by this Court.[1] (*See* Report and Recommendation, Doc. 29; Order Administratively

---

[1] Although Petitioner did not file his motions to reinstate within thirty days after fully exhausting Appeal Nos. C

Staying Case and Terminating from Active Docket, Doc. 30).

The Undersigned therefore **RECOMMENDS** that Petitioner's motions to reinstate this matter (Doc. 36, 39, 41) be **GRANTED**; that this Court's October 23, 2020 Order administratively staying the action and terminating the case on the Court's active docket (Doc. 30, 31) be **VACATED**; and that this matter be **REINSTATED** to this Court's active docket.

The Undersigned further **RECOMMENDS** that the Court set the following briefing schedule:

1. Petitioner shall file a supplement to his Petition within 30 days of the Court's Order reinstating the case.

2. Respondent shall file a supplement to the State Court Record and Supplemental Return of Writ within 60 days of Petitioner's supplement to his Petition.

3. Petition may file a Traverse/Reply within 21 days of Respondent's Supplemental Return of Writ.

Petitioner's counsel is **DIRECTED** to communicate with Petitioner about the copies he requests in Doc. 42.

## NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to

---

1900473 and 2021-0084 as this Court instructed (*see* Doc. 29, PageID 1414, adopted in Doc. 30), Respondent has not responded to any of Petitioner's filings in this respect or expressed any objection to the timeliness of his new filings. Given this, Petitioner's pro se status at the time, and the fact that Petitioner was apparently pursuing another appeal in the interim (*see* Doc. 33), the Undersigned concludes at this time that the delay does not warrant denial of his motions to reinstate the case and the complete foreclosure of Petitioner's opportunity to seek habeas corpus relief.

and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

February 1, 2023

_____
KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE