# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MAURICE SMITH,

|                    |              |   |                                     |
|--------------------|--------------|---|-------------------------------------|
|                    | Petitioner,  | : | Case No. 1:19-cv-298                |
|                    |              |   |                                     |
| - vs -             |              |   | District Judge Matthew W. McFarland |
|                    |              |   | Magistrate Judge Michael R. Merz    |
|                    |              |   |                                     |
| WARDEN, London Correctional |     |   |                                     |
| Institution,       |              |   |                                     |
|                    |              | : |                                     |
|                    | Respondent.  |   |                                     |

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Maurice Smith pursuant to 28 U.S.C. § 2254 with the assistance of counsel, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the Supplemental Petition (ECF No. 45), the State Court Record (ECF Nos. 12 & 47), the Return of Writ (ECF No. 13), the Supplemental Return of Writ, (ECF No. 48), and Petitioner's Reply (ECF No. 49).

**Litigation History**

On December 8, 2015, a Hamilton County Grand Jury indicted Smith on one count of burglary, one count of trafficking in cocaine, one count of possession of cocaine, one count of possession of marihuana, and one count of tampering with evidence (Indictment, State Court Record, ECF No. 12, Ex. 1). A jury found Smith guilty on all counts. *Id.* at Ex. 15. He then filed a *pro se* motion for new

1

trial which the trial court denied. *Id.* at Exs. 16 and 17. He was thereafter sentenced to a sixteen-year term of imprisonment. *Id.* at Ex. 18. Represented by counsel, he appealed to the Ohio First District Court of Appeals which affirmed the conviction but vacated and remanded the sentence in part. *Id.* at Ex. 22. Smith appealed *pro se* to the Ohio Supreme Court which declined jurisdiction. *Id.* at Ex. 26.

Smith next filed *pro se* a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* at Ex. 27. The trial court denied the petition on the basis of *res judicata* and failure to file any evidence not already in the record. *Id.* at Ex. 32. Smith appealed *pro se* to the First District Court of Appeals, but that court affirmed (Supplemental State Court Record, ECF No. 47, Ex. 62). The Ohio Supreme Court denied leave to file a delayed appeal. *Id.* at Ex. 68.

On April 13, 2021, Smith filed a motion to vacate judgment for lack of subject matter jurisdiction. *Id.* at Ex. 71. The Common Pleas Court denied that motion and Smith appealed. *Id.* at Exs. 72 and 73. On January 5, 2022, the First District affirmed. *Id.* at Ex. 77. The Supplemental State Court Record does not show any timely appeal to the Ohio Supreme Court.

On December 2, 2021, while the prior appeal was pending, Smith filed a Motion to Vacate Void Sentence. *Id.* at Ex. 80. Although Smith expressly asserted this was not a second post-conviction petition (PageID 1669), the State moved to dismiss it as a successive post-conviction petition. *Id.* at Ex. 81. On April 1, 2022, the Common Pleas Court denied a number of motions Smith had filed, including this one. *Id.* at Ex. 82. On appeal the First District upheld that denial, having accepted the State's characterization of the motion as a successive petition for post-conviction relief under Ohio Revised Code § 2953.21, and held it was properly denied for lack of jurisdiction. *Id.* at Ex. 88. The Ohio Supreme Court declined jurisdiction of a further appeal. *Id.* at Ex. 91.

Represented by counsel who continues to represent him in this action, Smith then filed a petition for writ of prohibition in the First District Court of Appeals, naming as respondents three

judges of the Hamilton County Court of Common Pleas. *Id.* at Ex. 92. The appellate court dismissed the writ. *Id.* at Ex. 95. Smith appealed and the Ohio Supreme Court affirmed. *State, ex rel. Smith v. Triggs,* 2023-Ohio-3098 (2023).

Petitioner filed this case *pro se* on April 25, 2019 (ECF No. 1). On April 29, 2020, he filed a request for stay because of a then-pending challenge to the constitutionality of his sentence (ECF No. 25). Magistrate Judge Litkovitz recommended granting the stay, noting Smith had a pending appeal in the First District challenging the constitutionality of his second resentencing which was also the subject of his Sixth Ground for Relief in this case (Report, ECF No. 29). Applying the standard adopted in *Rhines v. Weber*, 544 U.S. 269 (2005), Judge Litkovitz recommended this case be stayed "so that petitioner may attempt to exhaust the sentencing claims in his pending appeal in the Ohio Court of Appeals and, in the event of an adverse judgment, through a subsequent appeal to the Ohio Supreme Court." *Id.* at PageID 1411. There being no objections, District Judge McFarland adopted that recommendation and stayed the case on October 23, 2020. ECF No. 30.

On September 27, 2022, now represented by counsel, Petitioner moved to reinstate the case. ECF No. 36. Noting the lack of relevant detail, Magistrate Judge Litkovitz on December 15, 2022, ordered Petitioner to supplement his motion to reinstate within fourteen days. ECF No. 40. Smith responded that the appeal referred to in the Motion to Stay was final with the Ohio Supreme Court's declination of jurisdiction on March 16, 2021, and sought leave to supplement the Petition with a brief in support. ECF No. 41. Judge Litkovitz recommended reinstating the case and allowing Petitioner thirty days from reinstatement to supplement his Petition. ECF No. 43. On March 2, 2023, counsel filed what he styled as a Supplement to the Petition. ECF No. 45. On the same day, Judge McFarland granted reinstatement and ordered a supplement to the Petition (which had already been filed that day), a supplemental return of writ and State Court Record, and a reply to the Supplemental Return. ECF No. 46. Those documents have all been filed (ECF Nos. 47, 48, and 49), rendering the case ripe for

3

decision.

# Analysis

The Petition pleads six Grounds for Relief:

> **Ground One:** The evidence against the petitioner was insufficient to sustain a finding of guilty by the jury and deprived [petitioner] of his right to due process under Fifth and Fourteenth Amendments to the United States Constitution.
>
> **Ground Two:** Petitioner right to the effective assistance of counsel resulting in a violation of his constitutional rights as guaranteed by the Sixth Amendment to the United States Constitution.
>
> **Ground Three:** The trial court denied the petitioner's due process by denying petitioner's motion to appoint new counsel in violation of petitioner's due process rights as guaranteed by the 4th, 5th and 14th Amendments to the United States Constitution.
>
> **Ground Four:** The trial [court] permitting the prosecutor to make improper remarks to the jury during opening and closing argument and introduce improper evidence to the jury, violating petitioner's due process rights to a fair trial.
>
> **Ground Five**: The trial court denied petitioner's motion to suppress as a result denying petitioner's due process rights and petitioner's constitutional right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.
>
> **Ground Six**: The trial court violated petitioner's due process rights in sentencing petitioner on allied offenses and consecutive sentencing in violation of petitioner's double jeopardy rights.

(Petition, ECF No. 1).

The Supplemental Petition pleads three grounds for relief:

> **Ground One**: THE EVIDENCE AGAINST THE PETITIONER WAS INSUFFICIENT TO SUSTAIN A FINDING OF GUILTY

4

BY THE JURY AND DEPRIVED APPELLANT OF HIS RIGHT
TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**Ground Two**: PETITIONER'S RIGHT TO THE EFFECTIVE
ASSISTENCE [sic] OF COUNSEL RESULTING IN A
VIOLATION OF HIS CONSTITUTIONAL RIGHTS AS
GUARANTEED BY THE SIXTH AMENDMEN TO THE
UNITED STATES CONSTITUTION.

**Ground Three**: THE TRIAL COURT DENIED PETITIONER'S
DUE PROCESS BY DENYING PETITIONER'S MOTION TO
APPOINT NEW COUNSEL IN VIOLATION OF PETITIONER'S
DUE PROCESS RIGHTS AS GUARANTEED BY THE 4TH, 5TH
AND 14TH AMENDMENTS TO THE UNITED STATES
CONSTITUTION.

(ECF No. 45). Thus Grounds One, Two, and Three in the Supplemental Petition are merely slight

rewordings of the Grounds already pleaded. The Court will treat them as raising the same issues

as in the original Petition. Petitioner gives no indication of an intention to abandon Grounds Four,

Five, and Six and they will also be analyzed here.

Without pleading a separate ground for relief, Petitioner also raises in his Supplemental

Petition his claim that his sentence is invalid because the Hamilton County Court of Common

Pleas assigned the case to a different judge without following the proper protocol for such re-

assignment (Supplemental Petition, ECF No. 45, PageID 1457-61). This claim is just added to

the text under Ground Two, but it is certainly not a sub-claim of that Ground, which asserts

ineffective assistance of trial counsel.

**Ground One:  Insufficiency of the Evidence**

In his First Ground for Relief, Smith claims he was convicted on insufficient evidence. He

raised this claim, along with a manifest weight of the evidence claim, as his Ninth Assignment of

Error on direct appeal and the First District decided it as follows:

{¶59} In his ninth assignment of error, Smith claims his convictions for burglary, trafficking in cocaine, and tampering with evidence were not supported by sufficient evidence and were against the manifest weight of the evidence.

{¶60} In a challenge to the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found all the essential elements of the crime proved beyond a reasonable doubt. State v. Jenks, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. . . .

{¶ 61) First, Smith claims that state failed to prove that the occupants of the home were "likely to be present" to support the burglary conviction. Here, Brandon testified that that he lived in the apartment, he had been there earlier but left to take a friend to work, and it was very likely that he could have been home at the time of the burglary. The jury was entitled to believe Brandon's testimony, so Smith's conviction is not against the manifest weight of the evidence and was supported by sufficient evidence.

{¶62} Next, he argues the state failed to prove the cocaine was intended for sale or resale. Both officers testified that the amount of cocaine was inconsistent with personal use and indicated trafficking. Moyer testified that the cocaine was bulk packaged, typical packaging for trafficking. Finally, Godbey testified that a personal use amount is the size of a pea and costs $50. The amount that Smith was transporting had a street value of a few thousand dollars. Both officers testified based on their experience. Viewing this evidence in a light most favorable to the state, we conclude that the state proved the cocaine was intended for sale or resale.

{¶63} Finally, Smith claims the evidence was insufficient to prove Smith intended to hinder an investigation because the bags containing drugs either fell out of his pocket or were torn during the struggle. Three witnesses, Pugh, Moyer, and Godbey, testified that Smith threw a bag of cocaine and a bag of marijuana that spilled all over the apartment. Godbey also testified that he saw Smith rip the bag of cocaine and throw it across the room. He also saw Smith rip the marijuana and disperse the marijuana around the apartment. Moyer and Smith testified that they attempted to collect all of the spilled drugs, and Godbey testified that they could not recover all of it. All of this testimony was more than sufficient evidence to support his tampering conviction.

{¶64) Therefore, we overrule Smith's ninth assignment of error.

*State v. Smith,* 2017-Ohio-8558 (Ohio App. 1st Dist. Nov. 15, 2017) (copy at State Court Record, ECF No. 13, Ex. 22, PageID 227-28).

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to

convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard,* 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was

8

'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S.
___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43
(2012) (per curiam).

When a state court decides on the merits a federal constitutional claim later presented to a
federal habeas court, the federal court must defer to the state court decision unless that decision is
contrary to or an objectively unreasonable application of clearly established precedent of the
United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011);
*Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams
(Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2)
unless the state court decision was based on an unreasonable determination of the facts in light of
the evidence presented in the State court proceedings.

In this case the First District Court of Appeals applied the correct federal standard which
has been imported into Ohio law by *Jenks*. That court's decision is not an objectively unreasonable
application of *Jackson*: the court recites evidence from which a jury could reasonably infer that
Smith knew the controlled substances in question were in quantities and packaging intended for
distribution.

Smith's First Ground for Relief should be dismissed on the merits.


**Ground Two:  Ineffective Assistance of Trial Counsel**


In his Second Ground for Relief, Smith claims he received ineffective assistance of trial
counsel. Counsel in the Reply does not spell out what acts or omissions of counsel are alleged to
have been ineffective assistance, but instead notes that the Petition claims counsel was ineffective

in failing to object to the chain of custody of the drugs and admission of the 911 call and notes that these claims were raised in Assignment of Error Six on direct appeal (Reply, ECF No. 49, PageID 2078).

Actually, Petitioner's claim of ineffective assistance of trial counsel on direct appeal was Assignment of Error Eight which reads: "Appellant was denied effective assistance of counsel in violation of his constitutional rights thus prejudicing his right to a fair trial." (Appellant's Brief, State Court Record, ECF No. 12, PageID 142). The First District decided this claim as follows:

> {¶ 53} In his eighth assignment of error, Smith argues that he received ineffective assistance of counsel. Most of his claims concern the failure to object to evidence that we have already concluded was admissible and the failure to object to the prosecutor's statements that we have already concluded were proper. Therefore, we do not find that those failures amounted to ineffective assistance of counsel.
>
> {¶ 54} His remaining arguments concern counsel's failure to adopt Smith's pro se motions and the failure to conduct enough voir dire.
>
> {¶ 55} To prevail on an ineffective-assistance-of-counsel claim, Smith must show trial counsel's performance fell below an objective standard of reasonableness and he was prejudiced as a result. *Strickland v. Washington,* 466 U.S. 668, 687–688, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to demonstrate prejudice, Smith must establish that, but for counsel's errors, there is a reasonable probability that the result of trial would have been different. *State v. Burke*, 97 Ohio St.3d 55, 2002-Ohio-5310, 776 N.E.2d 79, ¶ 6. The failure to make an adequate showing on either prong is fatal to an ineffective-assistance-of-counsel claim. *See Strickland* at 697, 104 S.Ct. 2052.
>
> {¶ 56} Because of the difficulties inherent in making the evaluation of counsel's effectiveness after the fact, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Therefore, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* at 689–690, 104 S.Ct. 2052.

{¶ 57} Counsel determined that the pro se motions had no merit and, based on the record, that determination was sound trial strategy. The record demonstrates that most of the questions counsel was prepared to ask in voir dire had already been asked by the prosecutor, the questions counsel did ask were relevant, and counsel made effective use of his peremptory challenges. Moreover, counsel's conduct during voir dire is presumed to be a matter of trial strategy. *See State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 206.

{¶ 58} Based on this record, Smith failed to demonstrate that counsel was deficient. We also note that Smith has failed to explain how counsel's decisions were deficient or resulted in any prejudice. Therefore, we overrule his eighth assignment of error.

*State v. Smith, supra.*

The First District applied the controlling federal standard from *Strickland*. Petitioner has not shown how the First District's decision is an objectively unreasonable application of *Strickland*. That precedent requires a habeas petitioner to who not only that counsel failed to do something he or she could have done, but that the omission had a prejudicial effect on the outcome of the case, which Smith has not done. Ground Two should be dismissed,

**Ground Three: Denial of Due Process by Failure to Appoint New Counsel**

In his Third Claim for Relief, Petitioner asserts the trial court denied him due process by not granting his request to appoint a new attorney. He raised this as his Second Assignment of Error on direct appeal and the First District decided it as follows:

¶ 27} In his second assignment of error, Smith argues that the trial court erred by denying his request for new counsel. The decision whether to appoint new counsel is within the sound discretion of the trial court. *See State v. Summerlin*, 1st Dist. Hamilton No. C-160539, 2017-Ohio-7625, 2017 WL 4083158, ¶ 9. An indigent defendant must demonstrate good cause to warrant a substitution of

11

counsel. *See State v. Bullock*, 12th Dist. Clermont No. CA2005-04-031, 2006-Ohio-598, 2006 WL 318655, ¶ 13.

{¶ 28} Here, Smith had drafted, but had never filed, a motion for new counsel. When his appointed attorney brought the issue to the court's attention, Smith did not state any reasons to support the motion, and the trial court denied the motion. Later that day, counsel again raised the issue to the visiting judge. When provided the opportunity, Smith chose not to address the motion or put forth any grounds for the request. Instead, he informed the court that he wanted to address the motion for a fingerprint analysis and the speedy-trial issue. Accordingly, there was no further discussion regarding the appointment of new counsel.

{¶ 29} Because Smith failed to articulate a basis for the motion when given two opportunities to do so, it cannot be said that Smith demonstrated good cause to support the motion. Therefore, we find no abuse of discretion, and overrule the second assignment of error.

*State v. Smith, supra.*

To the extent Smith is claiming that failure to replace counsel was an abuse of discretion, that claim is not cognizable in habeas corpus. Abuse of discretion is not a denial of due process *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Indigent criminal defendants have a constitutional right to the appointment of counsel. *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility). However, they do not have a right to appointed counsel of choice or to change counsel at will and without reasons. Smith does not dispute the factual finding of the First District that he gave no reasons and that finding is entitled to deference under 28 U.S.C. § 2254(d)(2) in the absence of clear and convincing evidence to the contrary. Smith offers none. Ground for Relief Three should be denied.

**Ground Four:  Prosecutorial Misconduct**

In his Fourth Ground for Relief**,** Smith claims he was denied a fair trial by prosecutorial misconduct.  He raised this claim as his Seventh Assignment of Error on direct appeal and the First District decided it as follows:

> {¶ 48} In his seventh assignment of error, Smith contends the prosecutor committed misconduct by asking the officers about the quantity of cocaine and calling Brandon as a rebuttal witness. As previously discussed, the officers' testimony and the rebuttal testimony were properly admitted.  Smith further claims the prosecutor's closing argument contained misstatements of fact and law in describing the burglary element of "likely to be present" and the trafficking element of "intended for sale or resale by the offender or another person," and the prosecutor improperly vouched for Brandon. Smith concedes he failed to object to the remarks, so our review is limited to plain error.

> {¶ 49} Prosecutors are entitled to a certain degree of latitude during closing argument. *State v. Smith*, 14 Ohio St.3d 13, 470 N.E.2d 883 (1984).  Closing arguments must be viewed in their entirety to determine whether the disputed remarks were prejudicial. *See State v. Carter*, 2017-Ohio-1328, 88 N.E.3d 513, ¶ 12 (1st Dist.). Prosecutorial misconduct rises to the level of plain error only if it is clear the defendant would not have been convicted in the absence of the improper comments. *Id.*

> {¶ 50} Having reviewed the prosecutor's closing argument, we find the prosecutor's statements to be proper. Here, the prosecutor merely referred to evidence contained in the record and asked the jury to determine whether such evidence was credible. Moreover, the court informed the jury that closing arguments are not evidence, and the trial court properly instructed on the law to be applied.

> {¶ 51} Even if the prosecutor's statements were improper, we find that the outcome of the proceeding would not have been different absent such statements. In light of the evidence presented at trial, Smith would have been convicted in the absence of the prosecutor's remarks.

> {¶ 52} Having found that the prosecutor did not make any improper remarks, we overrule Smith's seventh assignment of error.

*State v. Smith, supra.*

As the Court of Appeals found, Smith failed to object to the prosecutor's allegedly improper comments and they therefore reviewed the claimed error only for plain error. Ohio has a relevant procedural rule requiring contemporaneous objection to error at trial that can still be corrected. *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998). The Sixth Circuit has repeatedly upheld that rule as an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

Review for plain error is an enforcement of the relevant procedural rule, not a waiver of it. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001). Smith has offered no excusing cause and prejudice for this procedural default. Any suggestion he might make that it is excused by the ineffective assistance of his counsel in not objecting is sufficiently countered by the First District's decision that the remarks were not improper.

Petitioner's Fourth Ground for Relief should therefore be dismissed as procedurally defaulted.

Because the First District found the remarks were in fact proper and Smith has not shown this is contrary to or an objectively unreasonable application of Supreme Court precedent on prosecutorial misconduct, Ground Four should also be dismissed on the merits.

**Ground Five:  Failure to Suppress Results of Unconstitutional Search**

In his Fifth Ground for Relief, Smith asserts his Fourth Amendment rights were violated when the trial court filed to suppress the results of an unconstitutional search.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts.  *Stone v. Powell,* 428 U.S. 465 (1976).  *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does.  The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits.  *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).

Smith has failed to show that presentation of his Fourth Amendment claim was frustrated by some failure of the state mechanism.  His Fifth Ground for Relief should therefore be dismissed as not cognizable in habeas corpus.

**Ground Six:  Violation of Double Jeopardy Rights**

In his Sixth Ground for Relief, Smith asserts the trial court violated his Double Jeopardy rights by sentencing him on allied offenses and by imposing consecutive sentences.

In his Tenth Assignment of Error on direct appeal, Smith argued that the trial court violated Ohio Revised Code § 2941.25 by sentencing him for the allied offenses of possession of cocaine and trafficking in cocaine. *State v. Smith, supra*, at ¶ 65. The State conceded the error and the First District remanded the case to allow the State to elect between the two convictions. Smith raised no other double jeopardy claims. Because this error was corrected, it no longer infects the judgment of conviction, even assuming that possession of cocaine and trafficking in cocaine are the same offense for Double Jeopardy analysis.

Regarding consecutive sentencing, the First District found the trial judge had complied with Ohio law in making required findings to support that decision. *State v. Smith, supra,* at ¶ 67. Given that finding, Smith's Sixth Ground for Relief fails to state a claim upon which habeas corpus relief can be granted. *Oregon v. Ice*, 555 U.S. 160 (2009). The Sixth Ground for Relief should therefore be dismissed.

**Supplemental Ground for Relief: Improper Assignment of Judges**

In his supplemental Petition, Smith raises the claim that his case was improperly re-assigned to a different judge without following proper Ohio procedure for such re-assignment.

As noted above, this claim is inserted under Ground Two, ineffective assistance of trial counsel, although it does not purport to state anything an attorney did or did not do that was deficient performance or prejudicial. Instead it notes how difficult it is for a layperson to navigate Ohio post-conviction process. While the Magistrate Judge agrees, the appellate courts have held that the right to appointed counsel and therefore the constitutional right to effective assistance of counsel extends to a direct appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551,

16

555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

To the extent this claim is, without saying so, under some other constitutional provision, it is both procedurally defaulted and without merit.

The reassignment actions complained of were evident on the face of the appellate record but were not raised on direct appeal. When Smith raised them in applying for a writ of prohibition, the Ohio Supreme Court squarely held that they could have been raised on direct appeal. *Triggs, supra*, at ¶ 7. Ohio law requires that claims which can be raised on direct appeal be raised in that forum or be barred in subsequent litigation by *res judicata. State v. Perry,* 10 Ohio St. 2d 175 (1967). The *Perry* rule is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Not only did Smith fail to present this claim at all on direct appeal, he has not presented here as a constitutional claim nor did he do so in *Triggs*. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). Smith has not even pleaded which constitutional provision he

claims the reassignment violates, he has also failed to cite any United States Supreme Court precedent which the Ohio courts unreasonably applied in denying this claim. Smith's supplemental claim should therefore be denied.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 12, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #